UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Reginald M. Gilliam, #240636, | ) | C/A No. 4:10-263-RBH-TER |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Report and Recommendation |
| Greenwood Professional Investigations, Inc.; Mr. Ronnie McCallister, | ) | |
| Defendants. | ) | |

Plaintiff Reginald M. Gilliam ("Plaintiff") is a prisoner at McCormick Correctional Institution in McCormick, South Carolina. In the complaint, Plaintiff alleges the defendants have breached a contract for investigative services. As the complaint alleges no basis for federal jurisdiction, this case should be dismissed.

*Pro Se* and *In Forma Pauperis Review*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding

of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Discussion

This case should be summarily dismissed because the Court has no jurisdiction over this case. In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399

(4th Cir. 1999), 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). *See also Dracos v. Hellenic Lines, Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the court"). To this end, Fed. R. Civ. P. 8(a)(1) requires that a complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley* at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

The instant complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that he has paid Defendants $10,000 for investigative services and that defendants have not performed according to their contract. Plaintiff requests return of the $10,000 deposit for breach of contract.

The claims pose no federal question; thus, they cannot serve as the basis for federal jurisdiction. Plaintiff is attempting to set forth a cause of action for breach of contract, which is based in state law. However, federal courts are allowed to hear and decide state-law claims only in conjunction with federal-law claims, through the exercise of "supplemental jurisdiction." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Since Plaintiff has asserted no cognizable federal claims, this Court cannot exercise "supplemental" jurisdiction over Plaintiff's state claims, if any. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants").

A civil action for any state claims would be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Plaintiff demands only the $10,000 retainer fee plus court costs, so the amount in controversy is not satisfied; additionally, this Court has no diversity jurisdiction of the case *sub judice* because Plaintiff and Defendants are citizens of the State of South Carolina. Defendants are based in Greenwood, South Carolina and there is no allegation that they are citizens of another state. As Plaintiff has not presented this Court with a basis for subject matter jurisdiction, his complaint should be dismissed.

Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in this case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383

4

U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page**.

                                                          s/Thomas E. Rogers, III
                                                          Thomas E. Rogers, III
                                                          United States Magistrate Judge

April 26, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).